1

2

3

4

5

6

7

8                       IN THE UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JOE SHERMAN,

11            Petitioner,                    No. CIV S-07-1645 MCE DAD P

12       vs.

13   YOLO COUNTY CHIEF
     PROBATION OFFICER,

14
              Respondent.            FINDINGS AND RECOMMENDATIONS

15
                                   /

16

17            Petitioner is proceeding pro se with a petition for writ of habeas corpus pursuant

18   to 28 U.S.C. § 2254, challenging the conditions of his probation.  Specifically, petitioner claims

19   that the Yolo County Superior Court improperly imposed on him as a condition of his probation

20   banishment from the University of California, Davis.

21            The court's own records reveal that petitioner previously filed a petition for writ

22   of habeas corpus attacking this same condition of his probation.  See Case No. CIV S-06-0931

23   FCD GGH.[1]  In that case, petitioner claimed, inter alia, that he was being subjected to an

24   unconstitutional and unreasonable condition of probation because he had been "banished" from

25   _____

26       [1]  A court may take judicial notice of court records.  See MGIC Indem. Co. v. Weisman,
     803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

                                          1

1   the entire main campus of the University of California, Davis.  The court in that previously filed

2   case found that the state court's order regarding petitioner's condition of probation was not an

3   unreasonable application of clearly established Supreme Court authority.  Accordingly, the court

4   denied petitioner's application for a writ of habeas corpus on the merits.

5              "A claim presented in a second or successive habeas corpus application under

6   section 2254 that was presented in a prior application shall be dismissed."  28 U.S.C. §

7   2244(b)(1).  This is the case unless,

8              (A) the applicant shows that the claim relies on a new
              rule of constitutional law, made retroactive to cases on
9              collateral review by the Supreme Court, that was previously
              unavailable; or

10
              (B)(i) the factual predicate for the claim could not have
11             been discovered previously through the exercise of due
              diligence; and

12
              (ii) the facts underlying the claim, if proven and viewed
13             in light of the evidence as a whole, would be sufficient to
              establish by clear and convincing evidence that, but for
14             constitutional error, no reasonable factfinder would have
              found the applicant guilty of the underlying offense.

15

16   28 U.S.C. § 2244(b)(2).  Before a second or successive petition permitted by statute can be filed

17   in the district court, "the applicant shall move in the appropriate court of appeals for an order

18   authorizing the district court to consider the application."  28 U.S.C. § 2244(b)(3)(A).

19              Here, petitioner has not obtained an order from the Ninth Circuit Court of Appeals

20   authorizing the district court to consider his second or successive petition.  Petitioner cannot

21   proceed with his successive petition in this court unless and until he obtains such an order.

22   Accordingly, petitioner's unauthorized second or successive petition should be dismissed without

23   prejudice to its refiling with a copy of an order from the Ninth Circuit authorizing him to file a

24   second or successive petition.

25   /////

26   /////

**CONCLUSION**

1                

2       For the reasons discussed above, IT IS HEREBY RECOMMENDED that:

3       1. Petitioner's application to proceed in forma pauperis be granted;

4       2. Petitioner's application for writ of habeas corpus be dismissed without

5 prejudice to its refiling with a copy of an order from the Ninth Circuit authorizing petitioner to

6 file a second or successive petition; and

7       3. This action be closed.

8       These findings and recommendations are submitted to the United States District

9 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

10 days after being served with these findings and recommendations, petitioner may file written

11 objections with the court.  The document should be captioned "Objections to Magistrate Judge's

12 Findings and Recommendations."  Petitioner is advised that failure to file objections within the

13 specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951

14 F.2d 1153 (9th Cir. 1991).

15 DATED: October 15, 2008.

           DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
sher1645.156

3